# Wytheville.

## DAVID WALLER, WHO SUES FOR THE BENEFIT OF HIMSELF AND GEORGE DAVIS v. CHAS. D. WELCH AND C. C. BATCHELLER.

June 12, 1930.

Absent, Campbell and Epes, JJ.

654

The opinion states the case.

*Carl Budwesky, C. W. Carter* and *Burnett Miller*, for the plaintiff in error.

*Albert V. Bryan*, for the defendants in error.

Browning, J., delivered the opinion of the court.

This case involves the action of the Corporation Court of the city of Alexandria, Virginia, in sustaining the demurrer of the defendants to the notice of motion for judgment of the plaintiff.

The said notice of motion which was filed on October 13, 1927, is as follows:

"Take notice that on the 14th day of November, 1927, that being the first day of the November term, 1927, of the Corporation Court of the city of Alexandria, Virginia, and between the hours of 10:00 A. M. and 5:00 P. M. of that day, I, David Waller, who sues for the benefit of himself and George Davis, will move the said court for judgment against you, and each of you, for the sum of seventy-five hundred dollars ($7,500.00), for this, to-wit: That heretofore, to-wit: on the 27th day of January, 1926, you were engaged in the business of real estate agents, or brokers, as partners in the city of Alexandria, Virginia; that on the day and year aforesaid, I, through Clay T. Brittle, my agent, employed you in the capacity of such real estate agents, or brokers, to obtain for me an option on a certain tract of land consisting of approximately forty (40) acres, with dwelling house and other buildings thereon, located on the Alexandria-Leesburg turnpike, in Fairfax county, Virginia, then the property of one Robert S. Oliver; that in pursuance of such employment, on the day and year aforesaid, you went to see the owner of the said farm as my representatives, for the purpose of procuring for me the desired option, and did procure from the said Oliver an option on said farm in the form of an exclusive right to you to sell the said farm at the price of twenty-one thousand dollars ($21,000.00) which option, or exclusive right

to sell, when obtained by you, was for my benefit and not for your benefit, nor for the benefit of any other person. And it became and was your duty to hold such option, or exclusive right of sale, for my use and benefit during the period of said option, which ran for fifteen days from the date thereof, to-wit: January 27, 1926.

"That after the said option or contract for exclusive sale had been obtained, said George Davis associated himself with me for the purpose of purchasing said property under said option, or exclusive contract. That at the time you obtained the said option, or contract, I was able to comply with the terms thereof. That after the said Davis became associated with me we determined to take advantage of the said option, or sales contract, and to purchase said land according to the terms and provisions of said option, or contract, and at the price of $21,000.00, as therein provided, of which determination on our part you were advised.

"That after the obtaining of said option, or contract, upon your part, the same was for the exclusive benefit of me, such associates as I might take in, or my assignees; and it was your duty to hold such contract for my benefit during the period thereof, or for the benefit of such associates as I might take in, or my assignees. But, that instead of so doing, in violation of your obligation and duty to me as your employer, you fraudulently, unlawfully and deceitfully used said contract, or option and thereunder sold the said property to E. E. Pabst, E. J. Briton and Thomas P. Gore, thereby depriving me and my associate of an opportunity to purchase said property, and my rights arising under and by virtue of your employment by me, and the obtaining of said contract, or option, for my benefit, and by your actions deprived me and my

associate, the said George Davis, of great gains and profits that we would have made by the purchase of said property but for the violation of your duty to me, and the fraudulent use of the said contract, or option, for your individual use and benefit to the damage of me and the said George Davis of $7,500.00.

"Wherefore, judgment for the said sum, together with said costs, will be asked at the hands of the said court, at the time and the place herein above set out.

"Given under our hands this 11th day of October, 1927.

"C. L. BUDWESKY,
"C. W. CARTER,
"BURNETT MILLER,
"Attorneys for plaintiffs."

The defendants filed a demurrer to the said notice of motion and alleged six grounds or reasons therefor.

In addition, they filed a special plea of the statute of limitations, and a further plea denying that they were indebted to the plaintiff, or that they were ever employed by him, or that they fraudulently, unlawfully or deceitfully, or otherwise used any contract, option or right to sell, as was alleged in said notice of motion.

The defendants craved oyer of the alleged option and upon its presentation again demurred for the reason that the same was not an option, and, therefore, the notice was insufficient in law because of an apparent variance.

The said paper called by the plaintiff an option in the form of an exclusive right to sell is as follows:

"WELCH & BATCHELLER,
"119 South Royal Street,
"Alexandria, Virginia.
"You are given the exclusive right, for fifteen days

from today, to sell my farm on Leesburg pike, containing thirty-seven to forty acres, more or less, with fourteen-room house, two baths and beautiful grounds and dairy barn and milk house. Possession in ninety days or sooner, for the price of $21,000.00 (twenty-one thousand dollars), with $10,000.00 cash, and balance in one and two years, assuming first trust for $7,000.00 to run to December 15, 1926; this to include your five per cent commission on gross sale.

"Signed, ROBERT S. OLIVER, Owner."

The court below sustained the demurrer on all the grounds thereof and dismissed said motion for judgment without passing upon the plea of the statute of limitations.

Thus the case is before us.

The first ground of demurrer was as follows:

"That the said notice fails to show that there was any consideration to the defendants for the alleged contract of employment of the defendants by the plaintiff."

. It will be seen that this contention attacks the sufficiency, as an allegation of consideration of the term "employed," adopted by the pleader in the notice.

In the case of *Rose* v. *Clutter* (Tex. Com. App.), 271 S. W. 890, 891, it is said:

"The word 'employed,' as used in both the original and amended petitions, means that the services of the plaintiff in error were engaged for compensation to be paid therefor. This is the ordinary meaning of the word as here used. It has the same meaning as the word 'hired.' "

This court said in the case of *Stephens* v. *White*, 2 Va. (2 Wash.) 203: "The second point arising out of the motion in arrest of judgment is, that no consideration is laid in the declaration. It is stated that the plaintiff

then and there *employed* the attorney which is tantamount to stating that the plaintiff was then and there bound to pay him for what he had undertaken to perform."

Then the precise question has been adjudicated in this State against the contention of the defendant in error.

The defendants were real estate agents and brokers. The employment referred to was an incident to that business. The procuring of the option was a service which they were employed to perform and there is nothing in the notice to suggest that their services were to be gratuitous. The fact that the written paper provided for a five per cent commission to be paid defendants by the owner of the land does not impair the force of this reasoning. The defendants had no legal right to contract with one principal for reward when they were at the time the agents of the other, except with the knowledge and consent of both principals, nor will they be heard to take advantage of their own wrong.

The ruling of the court below on this ground of demurrer was error.

The second ground of demurrer was: "That the said notice fails to allege performance, or tender thereof, by the plaintiff of his part of the alleged contract."

The following language from the notice of motion constitutes the allegations thereof with respect to this contention:

"That after the said Davis became associated with me we determined to take advantage of such option, or sales contract, and to purchase the said land according to the terms and provisions of said option, or contract, and at the price of $21,000.00 as therein provided, of which determination on our part you were advised."

"That after the obtaining of said option, or contract, upon your part, the same was for the exclusive benefit of me, such associates as I might take in, or my assignees; and it was your duty to hold such contract for my benefit during the period thereof, or for the benefit of such associates as I might take in, or my assignees. But, that instead of so doing, in violation of your obligation and duty to me as your employer, you fraudulently, unlawfully and deceitfully used said contract, or option, and thereunder sold the said property to, etc."

The demurrer, of course, admits the truth of all facts that are well pleaded. The allegations of the notice do not present an instance of ideal pleading, but we are called upon to pass upon their sufficiency.

Prof. Graves, in his admirable book Notes on Pleading, has said:

"As to the advantages of a motion over a regular action, these are principally two, viz., *simplicity* and *dispatch*. As to simplicity, there is an entire emancipation from forms of action, and formal pleas; the pleadings are intended to be of an informal nature, and greater latitude is allowed than in common law actions." Graves Notes on Pleading page 37.

The notice alleges that the plaintiff had determined to purchase the land in accordance with the terms of the option, or sales contract, and that the defendants were advised of that fact and it was their duty to hold such contract for the benefit of the plaintiff during the period of its life, but in derogation of said duty they fraudulently used said contract and thereunder sold said land to others and thereby deprived the plaintiff of an opportunity to purchase said land.

If this is not a sufficient allegation of performance, or tender thereof, it is certainly a statement that the defendants violated or repudiated the contract, and if that be so, no allegation of performance by plaintiff is necessary.

We quote from the text in Corpus Juris, *Vol.* 13, 725, 726 and 727:

■ "But where a defendant has repudiated the contract an allegation of performance by plaintiff is unnecessary." * * * "Where it is alleged that non-performance of a condition precedent was caused by the act of the defendant, plaintiff is not bound to aver performance or readiness to perform on his part; he may simply allege the facts constituting his excuse."

"He shows no right of action unless he shows that he has performed the condition precedent, or that he was prevented from so doing by the act of the defendant, or unless it appears that the performance of the condition would be a useless act, as when defendant has repudiated the contract or has refused to perform."

To have made tender of the purchase price would have been vain in the face of the fact that the land had been sold by the defendants in violation of their duty under the alleged agreement and as agents or employees of the plaintiff.

■ Counsel for the defendants urge that the sale may have been on the last day upon which the defendants had authority to sell, there being nothing in the notice to show when it was actually made. The answer to this is that the defendants were employed by the plaintiff, they were his agents, and whatever the character of the paper, or contract, which they procured from the landowner in furtherance of such agency, the benefits and rights thereunder became the property of

the plaintiff. In this view of the case the paper was unquestionably intended to be what the agents were employed to get, namely, an option. If the mechanical construction of the paper had been that of a formal option, what would the plaintiff have gotten under it? The right to the refusal of the land at a specified price within a limited time. Under the actual paper precisely the same result would have ensued but for the dereliction of duty in the violation of the alleged agreement on the part of the defendants.

The plaintiff unquestionably had the full period of the life of the contract to determine what he would do.

The defendant's counsel cites the case of *Metropolitan Life Ins. Co.* v. *Rutherford*, 95 Va., 773, 30 S. E. 383, to sustain his contention. The declaration in that case contained only the common counts upon which issue was joined. The action was upon an insurance policy which provided for the performance of certain acts upon the part of the insured and the court held that no recovery could be had upon such an insurance policy upon a declaration containing only the common counts. There was no question of the sufficiency of allegations intended to show performance or excuse for nonperformance. This case is not authority here.

We think the court erred in sustaining the demurrer upon this ground.

Third ground of demurrer:

"That the allegations of said notice of motion for judgment are repugnant in that the said notice alleges that the defendants procured for the plaintiff an option on a certain farm and then alleges that the said option was in the form of an exclusive right to the defendants to sell the said farm, it being impossible as a matter of law for said exclusive right of sale to be an option."

There can be no question of the bare fact that.

an option and a contract of sale to an agent are papers of a different legal signification. There are legal elements in the case of the one which do not pertain to the other.

The paper under consideration is not what is known in the law as an option.

The two cases cited by counsel for the defendants correctly define and construe the contracts of sale which were involved in them.

But in the case at bar it must ever be borne in mind that the defendants were employed by the plaintiff to procure an option for him upon a certain tract of land. The agents pursuant to this employment sought the owner and obtained a paper, rather inartificially drawn, most likely by themselves and doubtless it was intended at the time to accomplish the object of their employment. If they had, in good faith, exercised their rights under the paper it would have resulted in all the benefits to the plaintiff that could have been attained by him had the paper been technically an option.

It is quite necessary to differentiate between the verbal agreement between the plaintiff and his agents, the defendants, for the option, and the actual paper which they procured from the landowner. It was of little consequence to the plaintiff what the instrumentality was through which his end was to be attained. Call it an option or an exclusive contract of sale or anything else, the agents were engaged for a definite purpose, which it was their duty to effect if they could. The right they did secure under the paper, namely, to sell the land in accordance with its terms, should have been exercised in favor of the plaintiff, if within the life of the paper the plaintiff desired them so to do.

The fact that by the terms of the paper the defend-

ants became the agents of the owner does not affect the soundness of this reasoning. (The defendants placed themselves in an anomalous position, to say the least, by assuming to become the agent for both the optioner and the optionee.)

It is against public policy and sound morality for a man to act as broker for both parties unless he discloses this fact to both parties, *Cannell* v. *Smith*, 142 Pa. 25, 21 Atl. 793, 12 L. R. A. 395; *Addison* v. *Wanamaker*, 185 Pa. 536, 542, 39 Atl. 1111.

It follows from what we have said that it is our opinion that there is sufficient connection between the effect of an option and the effect of the contract of sale, as not to subject the allegations of the notice of motion to the objection of repugnancy.

This ground of demurrer should not have been sustained.

Fourth ground of demurrer:

This is very like the third ground which has been disposed of and is, too, without merit. We are not in agreement with counsel in the statement that it plainly appears that there was never any contract between the plaintiff and the defendants. Our only source of information on this subject is the notice of motion which declares that there was such contract.

Fifth ground of demurrer:

That the alleged contract of employment between the plaintiff and the defendants, whereby it was the duty of the defendants who had procured an exclusive right to sell a farm to sell the same to the plaintiff, was a contract for the sale of real estate and said notice fails to show that said agreement was in writing.

There was no question of the sale of real estate by the defendants to the plaintiff, the real estate was owned by

Oliver, a third person, the option or contract of sale would satisfy the statute of frauds (Code 1919, Section 5561) as to the purchase and sale of the land, if such issue were present. The defendants were employed to procure an option upon the land. In good faith they were bound by their employment, and if in their efforts to perform their agreement they obtained, not technically an option, but something that would effect the purpose of such employment, then, in good conscience, what they did obtain and its benefits was the property of the plaintiff derived not from the defendants, agents, but from the owner through the instrumentality of the agents. As was said in the brief of the plaintiff in error: "Under the facts set out in the notice the only thing the agents could do was to procure an execution of a deed from the landowner to petitioner, when he tendered compliance with the terms of the exclusive contract of sale, which as charged in the notice he intended to do within the time limit provided in said right of sales agreement.

We think the court below erred in sustaining the demurrer upon this ground.

Sixth ground of demurrer:

█ It appears upon the face of the said notice of motion for judgment that the damages sought to be recovered for the breach of the alleged contract of employment therein set out, are too remote and speculative to be recovered in a court of law.

The notice of motion alleges that by the actions of the defendants the plaintiff was deprived of great gains and profits that they would have made by the purchase of the property and the damage was laid at the sum of $7,500.00.

The notice of motion states the price named in the

option, or exclusive contract of sale, and that the defendants fraudulently, etc., sold thereunder the property to other persons.

We cannot say that the damages thus stated are too remote and speculative to be recoverable in an action of law.

Indeed we think the case of *Manss-Owens Co.* v. *Owens & Son,* 129 Va. 183, 105 S. E. 543, is determinative of the question. In that case, at page 203 of 129 Va. 105 S. E. 543, 549, it is said:

"The violator of his contract should not be allowed to escape all liability simply because the precise amount of the damages for which he is responsible is uncertain. Nearly all commercial contracts are entered into in contemplation of future profits. As such profits are prospective, they must be uncertain and problematical, but the person injured is not to be deprived of all remedy. He has the right to prove the nature of his contract, the circumstances surrounding and following its breach, and the consequences naturally and directly traceable thereto; and it is for the jury, under proper instructions, to determine the compensation to be awarded for the breach."

The lower court erred in sustaining the demurrer upon this ground.

On the plea of the statute of limitation we decide that the action is not barred. In the case of *Lee's Adm'r.* v. *Hill,* 87 Va. 497, 12 S. E. 1052, 1053, 24 Am. St. Rep. 666, it is there said: "On the question of survivorship we consider it immaterial whether the form of the remedy adopted is *tort* or in contract, provided the cause of action is founded on contract."

Certainly, in this case, the cause of action arose out of the contract between Waller and his real estate

agents, and it makes no difference whether its form is in *tort* or in contract, because it is an action which would survive.

In the case of *Winston* v. *Gordon*, 115 Va. 889, 80 S. E. 756, we find an extensive opinion construing many of the statutes of limitations especially the statute here involved. Judge Keith, in this opinion, cites with approval the case of *Lee's Adm'r.* v. *Hill*, *supra*. What we have said about this subject is supported by the case of *Winston* v. *Gordon*, and a further discussion is not necessary.

It follows that the judgment of the trial court in sustaining the demurrer must be reversed.

*Reversed.*