# CIRCUIT COURT OF THE CITY OF RICHMOND

Violet N. Bosher

    v.

Hometown Realty
Services, Inc., et al.

### Case No. (Chancery) MC-5019

BY JUDGE JAMES B. WILKINSON

### March 24, 1998

On February 3, 1993, the plaintiff, Violet Bosher signed a listing agreement authorizing the defendant, Hometown Realty Services, Inc. (Hometown), as the exclusive agent to sell Ms. Bosher's six undeveloped tracts of land in Hanover County, known as Plainview Estates, for a 10% commission. Tr. 23, 107. In the listing agreement, M. W. Blake was named the exclusive builder for any improvements made to the undeveloped land. Tr. 24, 108, 142.

Purchasers were procured by Hometown and closings on the sales of the lots were subsequently held. Tr. 33, 122. After closing on the sale of the land, some of the new land owners negotiated and entered into a contract with M. W. Blake to build a new house on the undeveloped land. Tr. 33, 122. After a house was built, the new land owner closed on the improvements to the land. Tr. 33, 122. After a closing on land improvements, Hometown entered into a written contract with M. W. Blake regarding a 5% commission for the land improvements. Tr. 122. The contracts to build and the closings on land

improvements were separate from the contracts to sell and the closing on the undeveloped land. Tr. 32.

On May 20, 1997, the plaintiff, Ms. Bosher, filed a Bill of Complaint against the defendants, Hometown Realty Services, Inc., Jamie Davis, and Thomas Garrett. The plaintiff prays for an accounting of real estate commissions received by the defendants for the improvements made to six undeveloped tracts of land which she previously owned and for compensatory damages, punitive damages, and costs expended by the plaintiff incident to this proceeding.

On November 20, 1997, came the plaintiff, in person and by counsel, and the defendants, in person and by counsel, and this case came to be heard upon the plaintiff's Bill of Complaint. Whereupon, the Court having heard the evidence oretenus and argument of counsel, the Court took the matter under advisement. Briefs were submitted by counsel for both parties on the theory and authorities of law.

### Issues

Whether Hometown had a fiduciary duty to disclose to Ms. Bosher the facts regarding the 5% commission to be paid to Hometown for land improvements.

### Discussion

It is well established in Virginia that "a real estate broker occupies a fiduciary relation to his principal and so long as that relation continues is under a legal obligation, as well as a high moral duty, to give his principal loyal service." *Olson v. Brickles*, 203 Va. 447, 450, 124 S.E.2d 895 (1962). Where a real estate broker is engaged by the seller to obtain a buyer for certain property, the principal-agent relationship terminates at the time the seller executes a binding contract for the sale of the property. *Id.* at 452. Once a sale is consummated and the contract of sale is signed, there is "no limitation upon the right of the broker thereafter to go out and represent any party" so long as he does not "hinder, delay, or interfere" with the consummated sale and the contract signed between the seller and buyer which the broker brought together. *Id.* (cites omitted). "After termination of agency for one person, a broker may act for another adversely interested without breach of trust as to the former." *Id.* (cites omitted).

A fiduciary relationship was established when Hometown entered into a listing agreement with Ms. Bosher to sell her undeveloped tracts of land for a

10% commission. There is no evidence of Hometown committing any fraud or unfair dealing pertaining to the sales of the undeveloped tracts of land.

Hometown procured purchasers for the undeveloped tracts of land owned by Ms. Bosher. For each tract of land, Ms. Bosher and the purchaser signed a binding contract for the sale of the property. The closing on the sale of the land was held and Hometown received a 10% commission for each tract of land sold per the listing agreement.

After closing on the sale of land, some of the land owners negotiated and entered into a contract with M. W. Blake to build a house on the undeveloped land. After a house was built, the new land owner closed on the improvements to the land. After the a closing on land improvements, Hometown entered into a written contract with M. W. Blake regarding a 5% commission for the land improvements.

The Court is of the considered opinion that the sale of the land and the improvements to the land were two separate transactions, which involved different parties. Once Ms. Bosher executed a binding contract for the sale of the undeveloped land and became legally obligated to convey the property, the principal-agent relationship between Ms. Bosher and Hometown was terminated. Hometown was free to act as an agent for another after the binding contract for sale of the undeveloped land was signed.

The land improvements were negotiated and contracted between a new land owner and M. W. Blake after the closing on the sale of the undeveloped land. There is no evidence that Hometown's involvement in the procurement of the land improvements in any way hindered, delayed, or interfered with any consummated sale between the seller and purchaser of the undeveloped land.

### Conclusion

The Court holds that the principal-agent relationship was terminated upon Ms. Bosher's signing a binding contract for sale of the undeveloped land. Upon consummation of a binding contract for sale, Hometown was permitted to act for another adversely interested. The Court further holds that there was no duty for Hometown to disclose to Ms. Bosher the facts regarding the 5% commission for the land improvements.

There being no cause of action for which the plaintiff may recover, the Court orders that the Bill of Complaint be, and the same is hereby, dismissed with prejudice as to all issues.

4

*Order*

On November 20, 1997, came the plaintiff, in person and by counsel, and the defendants, in person and by counsel, and this case came to be heard upon the plaintiff's Bill of Complaint. Whereupon, the Court having heard the evidence *ore tenus* and argument of counsel, the Court took the matter under advisement. Briefs were submitted by counsel for both parties on the theory and authorities of law. Whereupon, the Court now having fully considered the evidence, argument of counsel, and briefs submitted, and for the reasons set forth in the Court's Memorandum Opinion dated this 24th day of March, 1998, the Court holds that the principal-agent relationship was terminated upon Ms. Bosher's signing a binding contract for sale of the undeveloped land. The Court further holds that upon consummation of a binding contract for sale, Hometown was permitted to act for another adversely interested. The Court further holds that there was no duty for Hometown to disclose to Ms. Bosher the facts regarding the 5% commission for the land improvements.

There being no cause of action for which the plaintiff may recover, it is ordered that the Bill of Complaint be, and the same is hereby, dismissed with prejudice as to all issues.

April 7, 1998

*History*

On March 24, 1998, this Court entered an order dismissing the plaintiff's Bill of Complaint. In its accompanying Memorandum Opinion dated March 24, 1998, this Court held the principal-agent relationship was terminated upon the plaintiff, Violet N. Bosher, signing a binding contract for sale of the undeveloped land. This Court also found that upon consummation of a binding contract for sale, the defendant, Hometown Realty Services, Inc., was permitted to act for another adversely interested. This Court further held there was no duty for Hometown to disclose to Ms. Bosher the facts regarding the 5% commission for the land improvements.

The Court's Memorandum Opinion dated March 24, 1998, is hereby incorporated and affirmed into this Memorandum Opinion. Jurisdiction still being proper, the Court makes the following additional findings of facts and holdings.

## *Additional Finding of Facts*

The primary persons involved in this case include Violet Bosher, the previous owner of six undeveloped tracts of land in Hanover County, Virginia, known as Plainview Estates; Hometown Realty Services, Inc., the real estate agency contracted by Ms. Bosher to sell her land; Thomas Garrett, an agent of Hometown; Jamie Davis, an agent of Hometown; and Michael Blake, also known as M. W. Blake, the exclusive builder.

A meeting was held on February 3, 1993, at Ms. Bosher's house with Ms. Bosher, Mr. Garrett, and Mr. Davis in attendance. Tr. 19, 107, 142. At this meeting, a written listing agreement was signed by the parties authorizing Hometown, as the exclusive agent, to sell Ms. Bosher's six undeveloped tracts of land for a 10% commission. Tr. 23, 107. In the listing agreement, the parties agreed M. W. Blake would be the exclusive builder for any improvements made to the undeveloped land, i.e. houses. Pl. Ex. 1; Tr. 24, 108, 142.

Several other business matters were discussed with Ms. Bosher during the February 3rd meeting. The building of new houses on the undeveloped land was discussed at the meeting. Also discussed was the work performed by Hometown in order for houses to be built on the undeveloped land such as the necessary rezoning and the soil bond. Tr. 113, 142. At the meeting, Mr. Davis discussed with Ms. Bosher that Hometown would receive a 5% commission from M. W. Blake for the land improvements after each house was built. Tr. 113-14, 142. Included in the 5% commission agreement was the agreed upon amount of $1000.00 to be received by Ms. Bosher "at the closing of each improvement on the lots." Tr. 143; *see also* Tr. 25-26, 114.

## *Issues*

(1) Whether under the parol evidence rule, the written listing agreement prohibits the entering of parol evidence regarding the issues of disclosure of facts and an agreement to a 5% commission to be paid to Hometown on land improvements and $1000.00 per house to be paid to Ms. Bosher.

(2) Whether or not Mr. Davis and Mr. Garrett adequately disclosed to Ms. Bosher in order for her to fully possess the facts bearing upon her interest regarding the 5% commission to be received by Hometown for the land improvements.

(3) Whether the plaintiff's cause of action is tolled by the statute of limitations.

*Discussion*

## A. *Issue One*

The parol evidence rule is a rule of substantive law. *Whitt v. Goodwin*, 205 Va. 797, 802, 139 S.E.2d 841 (1965). In Virginia, the well established rule states "[i]n controversies between two parties to a contract, parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, written instrument." *Amos v. Coffey*, 228 Va. 88, 92, 320 S.E.2d 335 (1984) (citing *Goodwin v. Kerns*, 178 Va. 447, 451, 17 S.E.2d 410 (1941)). However, the parol evidence rule does not apply to subsequent agreements and oral evidence is admissible to prove a new and distinct agreement founded upon new consideration. "A separate oral agreement as to any matter on which the written contract is silent, and which is not inconsistent with the terms thereof, may be proved by parol evidence if it was not the intention of the parties that the instrument was the complete and final statement of the entire transaction." *Durham v. Pool Equip. Co.*, 205 Va. 441, 447, 138 S.E.2d 55 (1964). Such an agreement must be collateral and must relate to a subject distinct from that to which the written contract applied. *Id.* The subject of the subsequent agreement "must not be so closely connected with the principal transaction as to form part and parcel of it." *Adams v. Seymour*, 191 Va. 372, 383, 61 S.E.2d 23 (1950) (cites omitted).

The written listing agreement established a principal-agent relationship between the parties. Any issues of disclosure of facts and whether there was an agreement of a 5% commission for the land improvements and $1000.00 per house would stem strictly from the principal-agent relationship and Hometown's fiduciary duty to disclose facts bearing upon Ms. Bosher's interest. Situations which involve a broker's duty to disclose facts bearing upon an owner's interest are certain to occur subsequent to entering into a written listing agreement. It is unrealistic to expect the written listing agreement to include every anticipated circumstance involving a fiduciary duty.

Because the listing agreement establishes a fiduciary relationship in which many possible duties may arise, the Court finds the written listing agreement is not complete as to issues of a broker's duty to disclose facts bearing upon an owner's interest. The Court is of the considered opinion that, although a subsequent agreement regarding the commission for land improvements would be tied to Hometown's fiduciary relationship with Ms. Bosher, such an agreement would be collateral and distinct from the written listing agreement

involving the sale of the land. The Court further finds that a subsequent 5% commission for land improvements and $1000 per house agreement would not be so closely connected to the principal transaction of the sale of the land as to form a part and parcel of the listing agreement. Thus, the Court holds the parol evidence rule does not apply to this case and parol evidence is admissible as to the issues of disclosures and a subsequent agreement to a 5% commission to be paid to Hometown on land improvements and $1000.00 per house to be paid to Ms. Bosher.

B. *Issue Two*

A principal-agent relationship was established when Hometown and Ms. Bosher entered into a listing agreement to sell her undeveloped tracts of land for a 10% commission. If Hometown had a duty to disclose the 5% commission for land improvements, then Hometown was to place Ms. Bosher in full possession of the facts bearing upon her personal interest. *Williams v. Bolling*, 138 Va. 244, 257, 121 S.E. 270 (1923) (cites omitted). It is not enough for Hometown to say they thought Ms. Bosher "was advised as to all the facts, nor is it sufficient if he be able to point out circumstances from which an inference might be drawn that the principal knew or had means of knowledge." *Id.* When an agent fiduciary relation is established, an agent is not allowed to act for himself and the principal at the same time. *Id.* "Nothing will defeat the principal's right of remedy except his own confirmation after full knowledge of the facts." *Id.*

If Hometown had a duty to disclose, then the issue is the factual determination as to whether or not Mr. Davis and Mr. Garrett adequately disclosed to Ms. Bosher in order for her to fully possess the facts bearing upon her interest regarding the 5% commission to be received for the houses built on the undeveloped land. The testimonial evidence shows that during the meeting on February 2, 1993, Mr. Davis and Mr. Garrett discussed with Ms. Bosher the "substantial amount of work that would have to be done to rezone" the undeveloped tracts of land in order for houses to be built. Tr. 142. Mr. Davis also discussed with Ms. Bosher that Hometown would receive a 5% commission from M. W. Blake for each house built with the agreement this would compensate Hometown for the extra work performed in order for houses to be built on the undeveloped land. Tr. 142. As part of the 5% commission agreement, the parties orally agreed Ms. Bosher would receive $1000.00 for each house built. Tr. 114, 143. Ms. Bosher received at least one payment of $1000.00. Tr. 31.

Even if Hometown had a duty to disclose, the Court finds that on February 3, 1993, sufficient discussions were held between Hometown and Ms. Bosher regarding the 5% commissions to be received by Hometown for the land improvements. The Court further finds Ms. Bosher confirmed she possessed full knowledge and accepted the facts when she agreed to the payment of $1000.00 per house and when she received at least one payment of $1000.00. The Court holds Mr. Davis and Mr. Garrett adequately disclosed to Ms. Bosher, and she fully possessed the facts bearing upon her interest, the 5% commission Hometown was to receive for each house built.

## C. *Issue Three*

The plaintiff's action for breach of fiduciary duty and the subsequent disclosure and agreements to the 5% commission and the $1000.00 per house arise out of the principal-agent relationship created in the written listing agreement. Such action is governed by the statute of limitation for breach of contract because "but for the contract no ... duty would have existed." *MacLellan v. Throckmorton,* 235 Va. 341, 343, 367 S.E.2d 720 (1988) (citing *Oleyar v. Kerr, Trustee,* 217 Va. 88, 90, 225 S.E.2d 398 (1976)). *See also Waller v. Welch,* 154 Va. 652, 667, 153 S.E. 722 (1930). The Court holds the five year statute of limitations which applies to written contracts applies to this action for breach of fiduciary duty and the subsequent agreements regarding the 5% commission and $1000.00 per house.

## Conclusion

The Court holds parol evidence is admissible as to the issues of disclosure and a subsequent agreement between Hometown and Ms. Bosher. Even if Hometown had a duty to disclose the 5% commission for the land improvements, the Court holds Mr. Davis and Mr. Garrett adequately disclosed to Ms. Bosher, and she fully possessed the facts bearing upon her interest, the 5% commission Hometown was to receive for each house built. The five year state of limitations which applies to written contracts applies to this action for breach of fiduciary duty and the subsequent agreements regarding the 5% commission and $1000.00 per house.