## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

George L. Oleyar, Jr. v. Elaine W. Kerr, Trustee, Etc., Et Al.

June 11, 1976.

Record No. 750876.

Present, All the Justices.

*John H. Johnston* (*Slenker, Brandt, Jennings & O'Neal*, on briefs), for plaintiff in error.

*Charles E. Pikrallidas* (*Thomson and Pikrallidas*, on brief), for defendants in error.

Harman, J., delivered the opinion of the court.

Elaine W. Kerr, Trustee for William F. Stone and Angelo Verdicanno, deceased, and Elaine W. Kerr, individually, (Kerr) recovered a judgment for $17,622.20 against George L. Oleyar, Jr. (Oleyar), an attorney, for damages caused by Oleyar's negligence in examining and reporting on the title to Kerr's real property. We granted a writ of error and supersedeas limited to Oleyar's claim that the trial court should have sustained his plea of the statute of limitations.

The title search giving rise to Kerr's claim was ordered from Oleyar by Kerr on November 4, 1968. On November 18, 1968, Oleyar delivered to Kerr a certificate dated November 8, 1968, certifying that Kerr was the owner of the property in fee simple free of all encumbrances except for certain unpaid taxes, recorded easements

and two deeds of trust described in the certificate. Oleyar's fee for conducting this title examination was duly paid in December, 1968. The record establishes that a judgment against Kerr's grantor, which had been duly docketed in August, 1967, and again October, 1967, in the Clerk's Office of Fairfax County, was not discovered or reported to Kerr. At trial, Oleyar conceded his negligence in not finding and reporting this judgment lien.

Kerr subsequently conveyed the property and her grantees, who were required to obtain a release of the property from the judgment lien, sued Kerr on the warranty in her deed. They were awarded a judgment against her. Kerr incurred attorney fees, costs and expenses, in connection with that suit.

On January 6, 1971, Kerr proceeded against Oleyar for damages which she sustained as a result of Oleyar's negligence in failing to discover and report the judgment lien. Oleyar filed a plea of the statute of limitations.

The trial court heard oral argument on this plea on two occasions. At those hearings Oleyar contended that the proper period of limitation was one year under Code § 8-24[1] and Kerr, relying upon the written title certificate, argued that the five year limitation for contracts in writing under Code § 8-13[2] applied. The trial court ultimately held that the one year limitation for personal actions under Code § 8-24 applied but that the statute did not begin to run until November 9, 1970, the date when final judgment was entered against Kerr in her grantees' action.

We affirm, but for a different reason than that given by the trial court. *Robbins* v. *Grimes*, 211 Va. 97, 100, 175 S. E. 2d 246, 248 (1970).

---

[1.] Code § 8-24, in pertinent part provides:

"Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued . . .

[2.] Code § 8-13, in pertinent part, provides:

"Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years after the right to bring the same shall have first accrued, that is to say:

\*   \*   \*

If it be upon an award or upon a contract in writing . . . within five years . . .
If it be upon any other contract express or implied within three years . . ."

While alleging in her motion for judgment that Oleyar was negligent in examining her title, Kerr also alleged that she entered into an oral contract with Oleyar to examine and report on her title and that Oleyar, because of his neglect in making that examination, caused her damage. But for the contract, no duty by Oleyar to Kerr would have existed. Thus it is clear that Kerr's action against Oleyar is grounded upon and has its inception in the contractual relationship brought about by the oral agreement.

As is pointed out in Burks Pleading and Practice (4th ed., 1952), § 234 at 406:

> "The following distinction, between actions for tort or contract is made by the English Court of Appeals: 'The distinction is this: If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.' "

Recently in *McCormick v. Romans and Gunn*, 214 Va. 144, 198 S.E. 2d 651 (1973), in a different factual situation, we held that the three year limitation established by Code § 8-13 for "any other contract, express or implied" was applicable to a suit arising from the attorney's breach of the attorney-client relationship.

While the decided cases in other jurisdictions are not unanimous, annot. 49 A.L.R. 2d 1216, we adopt the better reasoned view which is found in those cases which hold that an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract and thus governed by the statute of limitations applicable to contracts. *See, e.g., O'Neill v. Gray*, 30 F. 2d 776, *cert. denied* 279 U.S. 865 (2nd Cir. 1929); *Schirmer v. Nethercutt*, 157 Wash. 172, 288 P. 265 (1930); *Barrett v. Burt*, 250 F. Supp. 904 (D. C. Iowa 1966); *Juhnke v. Hess*, 211 Kan. 438, 506 P.2d 1142 (1973).

While Kerr argues here, as she did in the trial court, that the statute did not commence to run until her damages were fixed by the final order in her grantees' suit, we do not reach that question. Kerr's

action against Oleyar was instituted on January 6, 1971, less than three years after the oral contract was made in November 1968, and was timely in any event.

*Affirmed.*