**APPALACHIAN POWER COMPANY,**
**Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY,**
**Defendant.**

Civ. A. No. 78–0050(L).

United States District Court,
W. D. Virginia,
Lynchburg Division.

Dec. 9, 1980.

Wm. Rosenberger, Jr., Lynchburg, Va., for plaintiff.

Leigh B. Middleditch, J. T. Swett, McGuire, Woods & Battle, Charlottesville, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff, Appalachian Power Company, a Virginia corporation with its principal place of business in this state, brings this action against the General Electric Company, a New York corporation with its principal place of business in that state, for negligently loading a power transformer that Appalachian had purchased from General Electric. There being diversity of citizenship and more than $10,000.00 in controversy exclusive of interest and costs, jurisdiction is pursuant to Title 28 U.S.C. § 1332.

On November 5, 1971, General Electric entered into a written agreement with the American Electric Power Company System to sell power transformers to various utility companies within that system. Plaintiff was one of the utility companies covered under the contract. On one occasion, Appalachian purchased a transformer from General Electric which was shipped by rail from Pittsfield, Massachusetts, to Lynchburg, Virginia, where it arrived on July 2, 1973, in a damaged condition allegedly due to General Electric's negligent "blocking, packing, loading and shipping." Appalachian commenced this action on June 22, 1978. General Electric has moved for summary judgment maintaining that the suit is barred by Va.Code Ann. § 8.2–725, which provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action accrues." Appalachian has responded that it is suing in tort and not contract and that the five-year statute of limitations for tort actions applies. The court finds Va.Code Ann. § 8.2–725 to be applicable and enters summary judgment for General Electric.

In *Oleyar v. Kerr*, 217 Va. 88, 225 S.E.2d 398 (1976), the plaintiff, Kerr, sued an attorney, Oleyar, alleging that Oleyar was negligent in examining a title he had orally contracted to examine. In holding that "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract and thus governed by the statute of limitations applicable to contracts," 217 Va. at 90, 225 S.E.2d at 399, the court reasoned as follows:

> But for the contract, no duty by Oleyar to Kerr would have existed. Thus it is clear that Kerr's action against Oleyar is grounded upon and has its inception in the contractual relationship brought about by the oral agreement.
>
> As is pointed out in Burks Pleading and Practice (4th ed., 1952), § 234 at 406:
>
> "The following distinction, between actions for tort or contract is made by the English Court of Appeals: 'The distinction is this: If the cause of complaint be for an act of omission or nonfeasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irre-

spective of contract, to take due care, and the defendants are negligent, then the action is one of tort.' "

217 Va. at 90, 225 S.E.2d at 399.

The court finds the reasoning of *Oleyar* to be controlling: but for the contract no duty by G.E. to Appalachian would have existed. Accordingly, while sounding in tort, the genesis of plaintiff's action is in reality contract, and the four-year statute of limitations established by § 8.2–725 applies. Underscoring this seemingly simplistic answer to the question of whether Appalachian's claim is to be considered grounded in contract for purposes of § 8.2–725, are important differences between tort and contract in terms of the nature of the interest each seeks to protect:

> The fundamental difference between tort and contract lies in the nature of the interests protected. Tort actions are created to protect the interest in freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law, and are based primarily upon social policy, and not necessarily upon the will or intention of the parties. They may be owed to all those within the range of harm, or to some considerable class of people. Contract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of conduct of the parties manifesting consent, and are owed only to the specific individuals named in the contract. Even as to these individuals, the damages recoverable for a breach of the contract duty are limited to those reasonably within the contemplation of the defendant when the contract was made, while in a tort action a

much broader measure of damages is applied.

Prosser, *Law of Torts*, (4th Ed.) § 92, p. 613. To ignore these underlying differences would have profound effect upon the law of commercial transactions established by the Uniform Commercial Code. It is one thing to permit suit in tort when negligence leads to personal injury or damage to property other than the property subject to the contract of sale. It would be quite another, however, to permit a buyer to sue in tort for what are, in essence, nothing more than non-conforming goods, *see* Va.Code Ann. § 8.2–106, thereby creating remedies outside of the framework of the Uniform Commercial Code.

For the above-stated reasons, summary judgment is entered for the defendant.[1]

---

1. Had plaintiff's cause of action accrued after the effective date of Title 8.01 it would have been resolved by Va.Code Ann. § 8.01–246. That section contains the following proviso:

    Provided that as to any action to which § 8.2–725 of the Uniform Commercial Code is applicable, that section shall be controlling except that in products liability actions for injury to person and for injury to property, other than property subject to contract, the limitations prescribed in § 8.01–243 shall apply.

While that proviso is somewhat awkwardly worded, its intent is discernible. § 8.01–243 applies when there is personal injury or damage to property except damage to property subject to the contract. When a transaction is governed by the Code, an action for injury to the goods, or to the subject of the sale by a party to the contract, is to be governed by § 8.2–725 whether the suit is in tort or in contract.