# John F. MacLellan

## v.

# Thomas B. Throckmorton

Record No. 850761

April 22, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell and Thomas, JJ.,
and Gordon, Retired Justice

*James Hingeley (Robert P. Boyle; Boyle & Bain*, on briefs), for appellant.

*Douglas L. Guynn (Phillip C. Stone; Wharton, Aldhizer & Weaver*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this appeal, we again consider which statute of limitations applies to a claim for legal malpractice and when the applicable statute begins to run.

On December 4, 1984, John F. MacLellan, M.D. (MacLellan), a physician formerly practicing as an anesthesiologist, brought a bill in equity for declaratory judgment and monetary damages against Thomas B. Throckmorton (Throckmorton), a licensed attorney practicing in Winchester. Throckmorton filed a plea of the statute of limitations, a demurrer, and an answer. After reviewing the bill of complaint and hearing the arguments of counsel, the chancellor sustained the plea of the statute of limitations and dismissed the action. We granted MacLellan an appeal.

The bill of complaint alleges that MacLellan had engaged Throckmorton as his attorney in 1979 in connection with his divorce case, which included the negotiation of a property settlement agreement; that MacLellan told Throckmorton, before signing the agreement, that he would not agree to any provisions with regard to spousal support unless they could later be modified in the event of a change in his circumstances; that Throckmorton

erroneously advised him that the provisions in the agreement would be subject to modification upon proof of change in circumstances; that in reliance on that advice, MacLellan signed an agreement on December 6, 1979, which obligated him to pay Mrs. MacLellan $2,000 per month as spousal support, along with other benefits; that Throckmorton presented the agreement to the court for incorporation pursuant to Code § 20-109.1; and that the court entered a final decree in the divorce suit on December 30, 1980, incorporating the agreement.

The bill further alleges that MacLellan suffered a permanent physical disability in March 1984 which totally prevented him from continuing his medical practice; that this would result in a substantial reduction of his income warranting a reduction in his spousal support obligation; but that Throckmorton's erroneous advice had led to the entry of a decree incorporating a contract not subject to any modification by the court. MacLellan pleaded that Throckmorton's erroneous advice "constitute[d] a breach of defendant's contractual duty . . . ." Another part of the pleading refers to "breach of [Throckmorton's] duty" which MacLellan characterizes on brief as referring to a "general legal duty giving rise to tort liability." The chancellor ruled that the three-year contract limitation period applied, that it began to run in 1979, and that this suit, filed in 1984, was time-barred.

On appeal, MacLellan argues that the applicable statute of limitations is the five-year period provided by Code § 8.01-243(B) for tortious injury to property. Throckmorton argues that the three-year limitation provided by Code § 8.01-246(4) for breach of oral contract applies. We held in *Oleyar v. Kerr, Trustee*, 217 Va. 88, 225 S.E.2d 398 (1976), that the statute of limitations applicable to breach of contract governs actions for legal malpractice, although the action may sound in tort, because "[b]ut for the contract no duty . . . would have existed." 217 Va. at 90, 225 S.E.2d at 399.

■ MacLellan points to two cases decided after *Oleyar* and argues that they have "eroded" the rule stated above. In *Goodstein v. Weinberg*, 219 Va. 105, 245 S.E.2d 140 (1978), a client, in 1975, sued attorneys for malpractice in two counts, the first alleging breach of contract and the second alleging negligence and fraud. The law at that time rendered such a misjoinder demurrable. The court sustained the attorneys' demurrer on the ground of misjoinder, requiring the client to elect between tort and contract.

In response, the client waived the contract claim and filed an amended motion for judgment seeking damages "based solely on tort liability." We held that the client was bound by its election of a tort theory and that this election had placed the case outside the general rule laid down in *Oleyar*. Because of the election, we applied the tort limitation period. 219 Va. at 110, 245 S.E.2d at 143.

■ Effective October 1, 1977, Code § 8.01-272 was adopted, changing the common-law rule applicable to misjoinder and expressly permitting a party to join claims in tort with claims in contract if the claims arose out of the same transaction or occurrence. Thus, the special circumstances which compelled the result in *Goodstein* are unlikely to recur; see *Kamlar Corp.* v. *Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983).

■ MacLellan also contends that the rule of *Oleyar* was "eroded" by our decision in *Ortiz* v. *Barrett*, 222 Va. 118, 278 S.E.2d 833 (1981). We do not agree. *Ortiz* did not involve a statute-of-limitations question relating to legal malpractice. Although we discussed the duties imposed upon attorneys by operation of law as well as duties imposed by contract, we said nothing to diminish the rule in *Oleyar*. *Oleyar* involved a claim of legal malpractice in which the plaintiff alleged both negligence and breach of an oral contract. The plaintiff was not compelled to make an election between the two theories. Indeed, the defendant attorney admitted his negligence at trial. Nevertheless, for the reasons stated above, the statute of limitations applicable to contracts governed. 217 Va. at 90, 225 S.E.2d at 400.

We adhere to the rule that actions for legal malpractice are governed by the limitation periods applicable to actions for breach of contract. The trial court correctly applied the three-year limitation to the present case, because the bill of complaint did not allege that the contract between attorney and client was in writing. Code § 8.01-246(4).

The second question before us is the determination of the time when the statute began to run, based on the facts alleged in the bill. Code § 8.01-230, effective October 1, 1977, provides, in pertinent part: "In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue *and the prescribed limitation period shall begin to run* from the date . . . when the breach of contract or duty occurs in the case of damage to property . . . ." (Emphasis added.)

■ In oral argument on appeal, MacLellan contended that if the above-quoted language is construed to bar a plaintiff's claim before his *right* of action accrues (through injury to his property interests resulting from the defendant's breach), then the statute would be unconstitutional as applied, violating the plaintiff's due-process rights. We are fully aware of this concern; see *Harbour Gate Owners' Association* v. *Berg*, 232 Va. 98, 107 n.3, 348 S.E.2d 252, 258 n.3 (1986); *Keller* v. *Denny*, 232 Va. 512, 516 and 520 (Stephenson, J., concurring), 352 S.E.2d 327, 329 and 331-32 (1987). In the present case, however, the constitutional question was never raised in the trial court, is not embraced within any assignment of error, and was not briefed. Therefore, as in *Harbour Gate* and *Keller*, we do not reach the constitutional question here. Rules 5:17(c), 5:25, 5:27(c).

■ In *Keller*, we were called upon to decide when the statute of limitations begins to run on a legal malpractice claim, in the light of Code § 8.01-230. We held:

> when malpractice is claimed to have occurred during the representation of a client by an attorney with respect to a particular undertaking or transaction, the breach of contract or duty occurs and the statute of limitations begins to run when the attorney's services rendered in connection with that particular undertaking or transaction have terminated, notwithstanding the continuation of a general attorney-client relationship, and irrespective of the attorney's work on other undertakings or transactions for the same client.

232 Va. at 518, 352 S.E.2d at 330. When that rule is applied to the present case, it is apparent from the allegations of the bill of complaint that the "particular undertaking or transaction," which Throckmorton was engaged to handle for MacLellan, terminated on December 30, 1980, when the divorce case was ended by the entry of a final decree incorporating the property settlement agreement. The limitation period then began to run and expired three years later. Thus, the chancellor correctly held that this suit, filed in December 1984, was time-barred.

Accordingly, the decree appealed from will be

*Affirmed.*