## CIRCUIT COURT OF THE CITY OF RICHMOND

Habib H. Guirguis

v.

Francis T. Eck et al.

May 3, 1988

Case No. LL-1682-1

By JUDGE MELVIN R. HUGHES, JR.

This case has been pending a decision on defendants' plea of the statute of limitations, argued on April 13, 1988. Upon consideration of the argument and memoranda, the Court has decided to sustain the plea, for the reasons explained below.

The facts are undisputed for purposes of the plea. Plaintiff (Guirguis) sues several attorneys for malpractice in connection with representation of him by one of them in a divorce case. He alleges that upon the advice and consent of the defendants, he and his wife obtained counsel from the same law firm (Jeffreys & Associates) in their divorce--defendant Eck represented Guirguis and defendant Hooker the wife. Guirguis alleges that he and his former wife are native Egyptians, unaware of the adversarial nature of the U. S. legal system, and that defendants knew this fact.

The lawyers prepared and recommended a property settlement agreement providing that Guirguis pay $1,750 per month comprising spousal and child support and mortgage payment. The agreement was made and divorce decree entered in 1974. After entry of the decree Guirguis found himself financially unable to make the payments. In 1976 Eck ne-

gotiated a new agreement on Guirguis's behalf with Mrs. Guirguis who by that time had retained new counsel. The property settlement agreement as modified provided for reduced monthly payments to $1,350, but the amendment was not reduced to writing. Guirguis faithfully made payments according to the oral modification.

In August 1985, Mrs. Guirguis brought suit for arrearages on the original agreement. The parties eventually settled this dispute. Guirguis claims negligence and constructive fraud stating that his support payments would have been lower and he would not have incurred $35,000 in attorney fees in the arrearages action but for defendants' wrongdoing. Defendants plead the statute of limitations.

Plaintiff's argument in response is twofold. First, he contends his negligence cause of action did not accrue until he suffered damage in 1985, and he brought suit within the three-year period for legal malpractice actions as mandated by *Oleyar v. Kerr*, 217 Va. 88 (1976). Second, his fraud cause of action did not accrue until he discovered the fraud in 1985, and the three-year period for malpractice actions applies since the fraud was in connection with malpractice.

The issues in this motion are thus the time plaintiff's causes of action accrued and their limitation periods. With respect to accrual, § 8.01-230, Code of Virginia of 1950, as amended, provides that accrual is (1) the date of injury in cases of injury to the person and (2) the date of breach of contract or duty (and *not* when the resulting damage is discovered) in cases of damage to property (with certain exceptions not relevant here). An exception exists for fraud--in fraud actions, accrual is when the fraud is discovered or by the exercise of due diligence reasonably should have been discovered, § 8.01-249.

Plaintiff does not allege any personal injury, physical or otherwise, but rather monetary damage, which is damage to property. Thus, the negligence cause of action accrued by 1976, and expired in 1979 at the end of the three-year limitation period. Plaintiff argues that § 8.01-230, which became effective October 1, 1977, does not apply to his cause of action, and that under pre-October, 1977 rules his cause of action would not accrue until he suffered damage, which was not until 1985.

Conceding for the purpose of argument that Guirguis is correct in arguing his cause of action did not arise until he suffered damage, the Court does not accept the assertion that he was not damaged until 1985. He could have sued his attorney in 1976-1979 for specific performance or for damages, including any attorney fees paid for the services that should have been provided him when the settlement agreement was renegotiated based on the need to reform the support agreement. The question whether the breach was reasonably discoverable is irrelevant except in the context of fraud.

With respect to the fraud cause of action, the court finds that the cause of action was reasonably discoverable and discovered in 1985, and that the limitation period for fraud actions is one year, under § 8.01-248, *Pigott v. Moran*, 231 Va. 76 (1986). Plaintiff argues that the three-year period mandated by *Oleyar* should apply, but the *Oleyar* court found a three-year limitation period for an action for attorney malpractice by characterizing the cause of action as breach of contract, for which there is a different time of accrual. Plaintiff must accept the fraud limitation period if he wants the benefit of the time of accrual for fraud.