## CIRCUIT COURT OF FAIRFAX COUNTY

Fegan et ux.

v.

Hazel, Beckhorn & Hanes, et al.

October 15, 1991

Case No. (Law) 102167

By JUDGE MICHAEL P. McWEENY

This case is before the Court on defendants Hazel, Beckhorn & Hanes' Motion for Partial Summary Judgment. After hearing oral argument, the Court took the matter under advisement to consider the arguments and law presented.

In this action, a client has brought suit against his attorney for professional negligence and breach of contract. The defendant filed a Motion for Partial Summary Judgment as to the negligence alleged in Count I. Defendant presented two arguments, both of which are grounded on an application of the economic loss rule: (1) the negligence count is superfluous to the breach of contract count; and (2) a tort action will not lie for the recovery of purely economic damages.[1] The Court will address the arguments in turn.

The first argument, that the negligence count is superfluous, is in itself not grounds to grant a Motion

---

[1] Plaintiffs argue that they do not seek purely economic damages since they alleged as damages not only financial harm but also a deprivation of property, property characteristics, valuable property rights and valuable property options. Notwithstanding this classification of the damage as "to property" in the Motion for Judgment, however, it appears that no actual damage to any property was done and that the losses sought are purely for financial harm.

for Summary Judgment. A party asserting a claim may state as many separate claims as he has. Rule 1:4, Virginia Supreme Court. Although a plaintiff may not have a double recovery, he may plead as many matters, whether of law or fact, as he shall think necessary. *See* Code § 8.01-272. Regardless of whether the claim of negligence is superfluous to the one for breach of contract, therefore, the two counts may properly be pleaded together, so long as both validly state a cause of action.

The second argument, that an action in tort for professional negligence will not lie for the recovery of purely economic damage, fails upon analysis of the "economic loss rule." The adoption of the economic loss rule in Virginia was based on the fact that the General Assembly has abrogated the privity requirement in negligence cases involving property damage or personal injury but *not* economic losses. Va. Code § 8.01-223. *See Copenhaver v. Rogers,* 238 Va. 361, 366 (1989); *Sensenbrenner v. Rust, Orling & Neale,* 236 Va. 419, 423 (1988); *Blake Construction Co. v. Alley,* 233 Va. 31, 36 (1987). In discussing the rule, the *Blake* court determined:

> we cannot impute to the General Assembly an intent to abrogate by implication the privity requirement in cases where no [personal or property] injury is alleged, thereby allowing negligence actions for solely economic loss.

*Blake,* 233 Va. at 34. The plaintiff's lack of privity was the reason the court denied recovery in tort where the damages were economic. If the economic loss rule, as defined under Virginia law, was meant to encompass situations where there is privity of contract, the discussion of privity in the Virginia cases would be meaningless.

Sweeping language on the economic loss rule has been used in some of the Virginia cases. For example, the court in *Rotonda Cond. Owners v. Rotonda Associates* stated, in dicta, without reference to the privity qualification, that:

> Such economic losses are not recoverable in tort; they are purely the result of disappointed

> economic expectations. The law of contracts provides the sole redress for such claims.

*Rotonda*, 238 Va. 85, 90 (1989). The *Sensenbrenner* court, in discussing the differences in the policies underlying tort and contract law, stated that tort law is not designed to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. *Sensenbrenner*, 236 Va. at 425. Such language conceivably could support a finding that economic losses are not recoverable in tort actions under any circumstances, whether or not privity exists.

Notwithstanding these statements, however, the Supreme Court has in fact applied the economic loss rule only to situations involving professional negligence actions against a party with whom the plaintiff was not in privity. In *Copenhaver*, the plaintiffs attempted to sue their grandparent's attorney for negligent advice given to the grandparents in preparing their will; in *Rotonda*, a condominium unit owners association, which lacked standing to sue, brought an action against the developer of their condominium; in *Sensenbrenner*, home owners attempted to sue an architectural firm which had a contract only with their construction company; and in *Blake*, a general contractor sought to sue an architectural firm with whom it had no contract. Additionally, the Supreme Court has held many times that although a professional negligence case is necessarily governed by contract law principles, it *sounds* in tort. *See, e.g., MacLellan v. Throckmorton*, 235 Va. 341, 344 (1988); *Boone v. C. Arthur Weaver Company*, 235 Va. 157, 161 (1988); *Oleyar v. Kerr, Trustee*, 217 Va. 88, 90 (1976). Until the Virginia Supreme Court specifically broadens the economic loss rule to meet fact patterns such as the one involved here, the rule should be limited to the narrow facts of the cases wherein it was expressed.

For these reasons, this Court finds that the professional negligence action against the attorney by his client as alleged in the present case is not barred by an application of the economic loss rule.