## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

W. E. Brown, Inc.

v.

Stone

July 9, 1992.

Case No. (Law) 5111

BY JUDGE J. MICHAEL GAMBLE

On June 22, 1992, I heard the arguments on the plea of statute of limitations in the above-styled matter. I took this under advisement in order to allow the parties to submit any additional authorities.

The basic issue in this case is whether or not the cause of action pleaded by the Plaintiff is a fraud and misrepresentation action to which a one-year statute of limitations under § 8.01–248 of the Code of Virginia would apply; or whether it is an action for breach of an oral contract under which a three-year statute of limitations would apply.

The dates alleged in the motion for judgment are basically undisputed by the parties. In February, 1986, Brown retained Stone to represent and advise it concerning a certain indebtedness owed by a subcontractor to Brown. On December 4, 1988, Stone instituted suit for Brown against Pedersen in the Circuit Court of the City of Charlottesville. An order of substitution was entered substituting other counsel for Stone on February 2, 1989. On July 11, 1991, the Circuit Court of the City of Charlottesville awarded Brown a judgment against Pedersen in the amount of $8,321.61 but ruled that certain portions of the total claim of $15,048.86 were barred by the statute of limitations. On January 31, 1992, Brown filed suit against Stone in the Circuit Court of the City of Charlottesville.

Stone argues that this action by Brown is, in essence, a suit on fraud and misrepresentation rather than legal malpractice, and there-

fore, Brown is barred under the statute of limitations from bringing any action. All parties agree that Brown knew about the basis of his claim prior to the order of substitution in February, 1989.

In *MacLellan v. Throckmorton*, 235 Va. 341, 344, 367 S.E.2d 720 (1988), the Supreme Court of Virginia held that in actions for legal malpractice, the limitation periods applicable to actions for breach of contract apply. The Court applied a three-year statute of limitations under § 8.01–246(4) because there was an oral contract, but not a written contract.

In *Oleyar v. Kerr, Trustee*, 217 Va. 88, 90, 225 S.E.2d 398 (1976), the Supreme Court of Virginia held that an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract and thus governed by the statute of limitations applicable to contracts. The Court in *Oleyar* applied the three-year statute of limitations for an oral contract. Thus, if the instant case is an action for professional malpractice, it is clear that the three-year statute of limitations would apply.

In *Keller v. Denny*, 232 Va. 512, 519, 352 S.E.2d 327 (1987), the Supreme Court of Virginia applied the analogy of the "continuing treatment" rule to an attorney-client relationship. There the Court held that where the negligence claim is based upon professional services continuing or recurring over the course of a period of time, the statute of limitations begins to run when the services of the attorney are terminated. In the instant case, it is clear that the services of Mr. Stone were terminated as of the time that the substitution of counsel order was entered on February 2, 1989.

Upon reviewing the allegations in the motion for judgment, it is clear that the action brought by Brown against Stone is an action for legal malpractice. While many of the allegations sound in tort, misrepresentation, or fraud, the true nature of the action is one for legal malpractice based upon an oral agreement for which the three-year statute of limitations would apply. Accordingly, the statute of limitations defense is denied.

Although it has not been raised at this point, this Court has serious doubts whether the Plaintiff has alleged a sufficient independent tort for a punitive damage claim to arise out of the contractual relationship. However, this is a matter to be decided when properly raised.

The Defendant also raises the issue of whether it is constitutional for the statute of limitations to run prior to damage actually occur-

ring. In this case, the Circuit Court of the City of Charlottesville decided the statute of limitations issue on the primary claim on July 11, 1991. As noted by the Supreme Court of Virginia in *Keller v. Denny, id.* at 516, it is a doctrine in the field of constitutional law that a court will pass upon the constitutionality of a statute only when it is necessary to the determination of the merits of the case. Because this issue has been determined on other than constitutional grounds, the Court does not reach that issue.