## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Planters Bank
and Trust Co. of Va.

v.

Thomas H. Tomlin

September 9, 1994

Case No. CL4-94

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether this malpractice action is barred by the statute of limitations. The answer depends on whether the plaintiff's motion for judgment makes a case in tort or for breach of contract.

The only facts before the court are those allegations in the motion for judgment. At this stage, those allegations and all reasonable inferences that can be drawn from them are deemed to be true.

In its pleading, the Bank says that in March, 1991, the defendant, a practicing attorney, acted as settlement attorney for a deed of trust loan made by the Bank to Michael W. and Sherry L. Hudson. In connection with the closing, the defendant certified to the Bank that the Hudsons owned the property and that the Bank's deed of trust constituted a first lien.

Later the Hudsons defaulted. In connection with the foreclosure, it was discovered that the Hudsons owned only a one-half interest in the property. As a result, the Bank suffered a loss. This litigation ensued.

The defendant filed a plea of the statute of limitations. Counsel submitted memoranda and waived ore tenus arguments.

The defendant contends that he was employed by the Hudsons, not the Bank, and that the Bank's motion for judgment does not, because it cannot, state a contractual relationship between the defendant and the Bank. Therefore, he argues, the Bank's claim must be in tort for negligence, and the applicable statute of limitations must be Virginia Code § 8.01-243. The

time within which actions governed by § 8.01-243 must be filed has expired.

The Bank argues that its motion for judgment adequately sets forth a claim for breach of contract. Hence, the Bank says, the applicable statute of limitations is § 8.01-246. The time within which contract actions governed by § 8.01-246 must be commenced has not expired.

In *Oleyar v. Kerr*, 217 Va. 88 (1976), the Court adopted the view that "an action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract and thus governed by the statute of limitations applicable to contracts."

In its pleading, the Bank alleges that the defendant "acted as closing attorney for a loan made by [the Bank] to [the Hudsons]"; that the defendant "was to examine the title to said real property and certify to [the Bank] that [the Hudsons] were owners of good and marketable title . . . and that [the Bank] would have a first lien"; that the defendant "had a duty to [the Bank] in the closing of the loan and in examining title . . . to use reasonable care, skill and diligence . . ."; and that the defendant "breached such duty." Attached to the motion for judgment is a copy of the defendant's certificate of title addressed to the Bank. These allegations, and fair inferences, support the Bank's contention that this case, while sounding in tort, is an action for breach of contract. Viewing the pleading as a whole, in the light most favorable to the Bank, a contractual relationship between the Bank and the defendant existed, and the defendant's breach of duties owed pursuant to that contractual relationship forms the basis of this suit.

Accordingly, the plea will be overruled and denied. Ms. Read will please prepare and circulate an appropriate order making reference to this opinion letter and allowing the defendant twenty-one days from the date of the order to file grounds of defense.