## CIRCUIT COURT OF AMHERST COUNTY

Gary Patrick Hunter

v.

James H. Massie, III

December 26, 1995

Case No. (Law) 4308

By Judge Clifford R. Weckstein

This is a suit for legal malpractice. The defendant in this suit, James H. Massie, III, was a court-appointed lawyer who represented the plaintiff, Gary Patrick Hunter, in criminal cases. Hunter contends that Massie's professional negligence caused him to be convicted of, and imprisoned for, robbery and firearms offenses. While denying any negligence, Massie asks that Hunter's suit be dismissed because it was not filed within the period prescribed by the applicable statute of limitations.

Hunter's suit was filed more than two years — but fewer than three years — after Massie was relieved as his lawyer. I conclude that the two-year statute of limitations of Virginia Code § 8.01-243 applies to Hunter's claim and that this suit therefore must be dismissed.

There is no reported Virginia decision addressing legal malpractice claims against court-appointed criminal defense attorneys. While the statute of limitations that applies to a claim for attorney malpractice is based upon the type of legal malpractice that the plaintiff alleges, the courts of Virginia generally will, pursuant to the rule of *Olyear v. Kerr*, 217 Va. 88, 225 S.E.2d 398 (1976), apply the three-year limitation period that governs claims for breach of unwritten contracts, Code § 8.01-246(B). *MacLellan v. Throckmorton*, 235 Va. 341, 344, 367 S.E.2d 720 (1988). It is too simplistic, however, to say that this is the limitations period which will always apply.

In *Kerr*, the plaintiff "alleg[ed] in her motion for judgment that [the lawyer] was negligent in examining her title," and "also alleged that she

entered into an oral contract with [the lawyer] to examine and report on her title and that [the lawyer], because of his neglect in making that examination, caused her damage." *Kerr*, 217 Va. at 90. The Supreme Court of Virginia held that the three-year limitations period applied because "but for the contract no duty by [lawyer] to [client] would have existed. Thus it is clear that [the] action . . . is grounded upon and has its inception in the contractual relationship brought about by the oral agreement." *Id.*

As the Supreme Court held in *Hendrix v. Daugherty*, 249 Va. 540, 544, 457 S.E.2d 71 (1995), "[a] plaintiff who asserts a cause of action against an attorney for legal malpractice must plead and prove that a relationship existed between them which gave rise to a duty . . . ." "The existence of an attorney-client relationship is essential to establishing a claim of legal malpractice." *Carstensen v. Chrisland Corp.*, 247 Va. 433, 447, 442 S.E.2d 660 (1994).

Normally, a relationship between attorney and client comes into existence when the client engages the lawyer's services, *i.e.*, when lawyer and client enter into an express or implied contract. Thus, in *Kerr* and its progeny, the Supreme Court has held that, because the lawyer would not have owed the client a duty *but for* the contractual relationship between them, the claim for professional negligence "while sounding in tort is an action for breach of contract and thus is governed by the statute of limitations applicable to contracts." *Kerr, supra*, 217 Va. at 90. In *Kerr*, the Court employed a straightforward test:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Id., quoting Burks Pleading and Practice* (4th ed. 1952), § 234 at 406.

In this case, Hunter and Massie had no contract. Hunter never engaged Massie's services. Massie owed a duty to Hunter because, and only because, when Hunter was charged with felonies, demonstrated that he was indigent and requested the appointment of counsel, the courts of Amherst County appointed Massie to represent him. Appointment of counsel was

required by the Constitutions of the United States and of Virginia, *see Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963); *Browning v. Commonwealth*, 19 Va. App. 295, 452 S.E.2d 360 (1994), and by the Code of Virginia. Code § 19.2-159. Pursuant to the courts' appointments, Massie rendered professional services to Hunter in the defense of these criminal charges. Thus, in this case, Massie's duty to Hunter was "a duty [that] arises from that relationship, irrespective of contract, to take due care." *Id.* Massie had a "duty apart from contract," owed by virtue of the courts' orders of appointment and the Virginia Code of Professional Responsibility.

Since the *Kerr* decision, the Virginia Supreme Court has had an occasion to apply a statute of limitations for negligent torts in a legal malpractice case in which the plaintiff pursued only a claim for negligence. *Goodstein v. Weinberg*, 219 Va. 105, 109, 245 S.E.2d 140 (1978). Although procedural rules which applied in *Goodstein* (which barred joinder of tort and contract claims) no longer exist, *see MacLellan v. Throckmorton, supra*, 235 Va. at 344, the principle of *Goodstein* applies here. For a noncontractual claim of negligently inflicted injury, the statute of limitations governing negligent torts applies.

In *Goodstein*, the Supreme Court "decline[d]" "to follow some of our sister states and hold that the contract statute of limitations applies to all actions for legal malpractice, regardless of whether the action is brought *ex contractu* or *ex delicto*." *Id.* at 110. ("Tortious . . . conduct gives rise to causes of action *ex delicto*, which arise from wrongs entirely outside the contracts." *Paul Business Systems v. Canon U.S.A., Inc.*, 240 Va. 337, 345, 397 S.E.2d 804 (1990) (concurrence).)

Most recently, in a case concluding that contributory negligence is a defense to a claim of lawyer malpractice, the Supreme Court held that "the duty upon the attorney to exercise reasonable care, skill, and diligence on behalf of the client arises out of the relationship of the parties, *irrespective of a contract*, and the attorney's breach of that duty, *i.e.*, the appropriate standard of care, constitutes negligence." *Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Capital Corp.*, 249 Va. 426, 432, 457 S.E.2d 28 (1995) (emphasis added).

Hunter's claim against Massie is clearly one for personal injury; he claims that he has been convicted and incarcerated because of his court-appointed lawyer's professional negligence. Since the parties had no contract and the lawyer's duty arose solely out of the relationship of the parties, I am of the opinion that this is an "action for personal injuries,

whatever the theory of recovery," Code § 8.01-243(A), and that no questions of contract law are implicated. Therefore, I find that the two-year limitations period of Code § 8.01-243(A) applies, and that the suit is time-barred.

Massie cites *Moore v. McComsey*, 313 Pa. Super. 264, 459 A.2d 841 (1983), a case in which a defendant who had been convicted of murder sued his court-appointed lawyer, alleging professional negligence. In Pennsylvania, at the time *Moore* was decided, a two-year statute of limitations applied to actions for negligently caused personal injuries; a four-year statute applied to actions for breach of oral or implied contracts; and a six-year statute applied to actions for breach of written contracts, or if no other statute of limitations was applicable. *Id.*, 459 A.2d at 844.

The Pennsylvania court noted that "there was no contract of employment between appellant [client] and trial counsel, for counsel had been court appointed . . . . [and] we deem it unrealistic to attempt to confer the status of a third party beneficiary to a contract between the Commonwealth and appointed counsel." *Id.* at 844. Quoting *Black's Law Dictionary*, the Pennsylvania court found that the action "in a broad sense is a claim for injury to [the client's] person," applied the two-year statute of limitations, and held that the claim was time-barred. *Id.*

I am of the opinion that, notwithstanding the general rule of *Kerr*, the Virginia Supreme Court would engage in a similar analysis in this case. An appropriate dismissal order will enter, incorporating this opinion-letter, and preserving Mr. Hunter's objections.