## CIRCUIT COURT OF FAIRFAX COUNTY

McLean Crest, L.L.C., et al.

v.

Wickwire Gavin, P.C., et al.

August 12, 2003

Case No. (Law) 211384

BY JUDGE M. LANGHORNE KEITH

This matter came on for a hearing on July 31, 2003, on Defendant's Plea in Bar to the Amended Motion for Judgment filed herein. The Court took the matter under advisement after hearing the evidence and the argument of counsel. I have now had an opportunity to review the evidence and to consider further the memoranda submitted and counsel's arguments. For the reasons set forth below, I overrule the Plea in Bar.

This case involves allegations of legal malpractice arising from Defendant's representation of Plaintiffs in connection with the workout of the financial difficulties of Plaintiff, L. Randolph Williams, a Northern Virginia real estate developer, with the aim of avoiding bankruptcy and his financial collapse.

There was no written agreement between the parties, and thus the case is governed by the three-year statute of limitations. Va. Code Ann. § 8.01-246.4.

The Defendants argue that each of the matters they worked on were separate and discrete items that should not be aggregated for purposes of measuring the running of the Statute. While Williams consulted Defendants in connection with his severe financial problems, nonetheless Defendants' representation involved particular undertakings and transactions, among them the McLean Crest matter. *Keller* v. *Denny*, 232 Va. 512, 518, 352 S.E.2d 327 (1987).

Defendants assert that all services in connection with Williams McLean Crest were completed at the latest on March 16, 1999, when the closing binders for that transactions were prepared and forwarded to Williams. The

Court agrees. The billings after that date deal with Defendants' attempts to collect their fees or other discrete matters, such as the Yearsich litigation and the Thompson v. Williams arbitration. Mr. Williams explained that the February 29, 2001, bill was in connection with the Defendants' attempt to secure Williams' debt to the Defendants. Therefore, absent the constitutional problems raised by Plaintiffs, the Court must find the Plaintiffs claims are barred by the statute of limitations. Va. Code Ann. §§ 8.01-230, 8.01-246.4.

Thus, the Court must deal with the constitutional issue raised by Plaintiffs. I find that the Plaintiffs' damages as to Count I did not occur until the Arbitrator made his ruling and Williams made his first payment on that award in September of 2002. Since the alleged breach occurred not later than March 16, 1999, Plaintiffs' right of action had expired before his cause of action accrued. *Compare First Virginia Bank-Colonial* v. *Baker*, 225 Va. 72, 301 S.E.2d 8 (1983), *with Westminster Investing Co.* v. *Lamps*, 237 Va. 543 (1989). As the Supreme Court has indicated, such a situation would deprive plaintiffs of their property without due process of law. *MacLellan* v. *Throckmoton*, 235 Va. 341, 345 (1988); *Harbour Gate Owners Assoc.* v. *Berg*, 232 Va. 98, 107, n. 3 (1986); *Keller* v. *Denny*, 232 Va. 512, 520, 352 S.E.2d 327 (1987) (Stephenson, J. concurring). Mr. Williams testified that he began to be damaged by the alleged malpractice set forth in Count II in April of 1999. Under that scenario Plaintiffs would be deprived of the full three year period of the applicable Statute of Limitations. In both cases the result to Plaintiff is an unconstitutional deprivation without due process of Law. *Keller, supra*, at 520.