## CIRCUIT COURT OF LOUDOUN COUNTY

Patrick A. Forte

v.

Sandra Costin Atkins et al.

August 19, 2005

Case No. (Law) 33953

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on August 9, 2005, for argument on the Demurrer of the Defendants, Sandra Costin Atkins and Focus Financial Consultants, Ltd., to the Motion for Judgment filed by Patrick A. Forte.

For the reasons hereinafter set forth, the Demurrer of Atkins and Focus is sustained. Also, I reverse my decision on June 3, 2005, overruling the Demurrer of the Defendant, Updegrove, Combs, McDaniel & Wilson, P.L.C., and sustain its Demurrer. The Plaintiff is granted leave to replead on or before September 19, 2005.

The allegations of the Motion for Judgment are as follows. The Plaintiff and his wife, Jan M. Forte, hired Atkins, a certified public accountant, to assist them in facilitating a divorce settlement. The undertaking was pursuant to a letter agreement, a copy of which is attached to the Motion for Judgment. The Plaintiff alleges that work performed by Atkins was done as an agent and/or employee of Focus and Updegrove. Atkins recommended that Plaintiff transfer his interest in Auburn Mill Corporation to Ms. Forte stating to him that it was "not worth anything, anyway." Based upon Atkins' recommendation, Forte gave Ms. Forte 100% ownership of the corporation. Later Forte learned that the corporation was worth more than $200,000.00.

In his Motion for Judgment, Forte asserts claims against all three defendants for the torts of constructive fraud and negligence. All the defendants filed demurrers asserting that Forte's claims are barred by the economic loss rule. Updegrove's demurrer was overruled on June 3, 2005, because counsel for Updegrove placed her emphasis on a lack of agency and/or employment argument as opposed to the economic loss rule. The Motion for Judgment alleges that Atkins was at all relevant times an agent and/or employee of Updegrove.

Upon further reflection and as emphasized by counsel for Atkins and Focus on August 9, 2005, I hold that Forte's claim is one of accountant malpractice, which is professional malpractice similar to legal malpractice. It is clear in Virginia that legal malpractice is a breach of contract claim. *See O'Connell v. Bean*, 263 Va. 176 (2002). Given that the damages sustained for accountant malpractice are damages to property just like the damages sustained for legal malpractice, and because the duty of an accountant, similar to the duty of an attorney, arises from the agreement with the client, I think that accountant malpractice should be treated like legal malpractice. The Virginia Supreme Court recognized that a claim for damages for accountant malpractice lies in contract, not tort, in *Ward v. Ernst & Young*, 246 Va. 317 (1993). A claim for accountant malpractice lies in contract. It may sound in negligence, but it is a breach of contract claim. Drawing upon the elements of a legal malpractice claim, *see, e.g., Hendrix v. Daugherty*, 249 Va. 540 (1995), the elements of an accountant malpractice claim are (1) an accountant-client relationship giving rise to a duty; (2) the accountant breached the duty; and (3) the breach of that duty was a proximate cause of the claimed damages.

As stated in *O'Connell*, 263 Va. at 180, there is implicit in a professional's contract of employment the professional's duty to exercise the care of those ordinarily skilled in the business. The professional has a duty to exercise a reasonable degree of care, skill, and dispatch in carrying out the business for which he is employed. *See Surf Realty Corp. v. Standing*, 195 Va. 431, 442 (1953) (architect), and *Ortiz v. Barrett*, 222 Va. 118, 126 (1981) (attorney).

Because an accountant malpractice action does not lie in tort, the demurrers to the tort claims of constructive fraud and negligence must be sustained.

The Demurrers of Atkins, Focus, and Updegrove to the tort claims of Forte in his Motion for Judgment are sustained. Forte is granted leave to file an amended motion for judgment on or before September 19, 2005, and the Defendants shall file responsive pleadings, which may include a

cross-claim, thereto within twenty-one days after the amended motion for judgment is filed.

An agreed order has been presented to me withdrawing the demurrer of Atkins and Focus to Updegrove's cross-claim. I have not entered the order in light of my decision herein. By this opinion, Updegrove will have leave to file another cross-claim, if it be so advised, after Forte files his amended motion for judgment.

If there is any question, I intend by this opinion to allow all three defendants to file whatever responsive pleadings they may desire pursuant to the Rules of Court after the amended motion for judgment is filed.