# CIRCUIT COURT OF THE CITY OF RICHMOND

Wintergreen Partners, Inc.,
d/b/a Wintergreen Resort, et al.

v.

Bowman and Brooke, L.L.P.,
Christopher Spencer,
and McGuireWoods, L.L.P.

October 15, 2008

Case No. CL07-3578

BY JUDGE MELVIN R. HUGHES, JR.

In this case, three plaintiffs, two insurers and their insured, assert claims against two law firms and a member of one of them arising out of a failed appeal of a trial court's order that confirmed a verdict against the insured in the amount of $8.3 million for personnel injury. The First Amended Complaint, which is the subject of demurrers now before the court, alleges that the Supreme Court of Virginia dismissed the appeal after the defendants failed to timely file the trial transcript. As a result, the insurers paid the judgment amount without the benefit of an appellate review of the validity of the outcome.

This case can be characterized, indeed as acknowledged by plaintiffs in their brief, as a legal malpractice action. The insurer plaintiffs, one a liability carrier and the other an excess carrier, both maintain, as does the insured, in three counts of negligence, breach of contract, and breach of fiduciary and ethical duty, that defendants violated the applicable standard of care of the legal profession resulting in damages.

In the case of the insurers, I believe that they cannot maintain such a claim because such claim is only maintainable by the client and because legal malpractice claims are not assignable under Virginia law for the reasons stated in the defendants' memoranda in support of their demurrer. While the insurers

may have had to engage counsel for the insured and pay any judgment for any loss sustained in the case of the liability carrier and pay any excess amount in the case of the excess carrier under respective insurance contracts, the events described do not ripen into a malpractice claim for them. No such right is recognized under Virginia law, and the Court is not persuaded that that would be the law in Virginia. Therefore, the Court will sustain the demurrers as to the insurers.

With respect to the claims brought by the insured, the Court believes that the teaching of *Oleyar v. Kerr*, 217 Va. 88, 225 S.E.2d 398 (1976), that such claims are founded on contract, applies. So, the demurrer will be sustained as to Counts I and II.

Lastly, I note that the Complaint alleges that all of the defendants are jointly and severally liable for failing to timely file the transcript. In their response to the demurrer, defendants Bowman and Brooke and Spencer, contend that the conduct of defendant MCGuireWoods was the sole proximate cause of the failure to timely file the transcript. This will be a point of contest for later proceedings but cannot be the basis now for an assessment on demurrer. For reasons stated above, Count III asserts a viable claim by the insured against all the defendants.

For the foregoing reasons, the demurrers will be sustained in part and overruled in part. Counsel should consult on a draft order for submission which notes exceptions. The order can provide plaintiff with leave to amend within fifteen days of entry and responsive pleadings due within ten days any amended pleading is filed.