# CIRCUIT COURT OF FAIRFAX COUNTY

Maria Kim

v.

Steven M. Garver
and Garver Law Offices, P.C.

September 30, 2010

Case No. (Law) 2009-17107

By Judge R. Terrence Ney

This matter came before the Court on September 17, 2010. After considering the pleadings, memoranda, and arguments of counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

*Facts*

On September 11, 2008, Plaintiff, Maria Kim, filed a Complaint against the Defendants ("Garver") alleging Breach of Fiduciary Duty, Malpractice, Conversion, Restitution and Rescission, Money Had and Received, and Constructive Trust. Garver filed a Demurrer to all counts, except Count II: Malpractice. On February 9, 2009, the court sustained Garver's Demurrer and dismissed all tort counts with prejudice.

In May 2009, Kim was granted a voluntary nonsuit. In November 2009, Kim reinstituted her action. The Complaint in the new action was identical to Kim's original Complaint.

On April 2, 2010, the court sustained Garver's Demurrer as to Count II and granted Kim twenty-one days to file an Amended Complaint. The court informed Garver that a Plea in Bar was the appropriate vehicle for addressing Counts I, III, IV, V, and VII.

On April 27, 2010, Kim filed her Amended Complaint. In her Amended Complaint, Kim labeled Count II as "Breach of Contract/ Malpractice" and added more allegations to it. On May 7, 2010, Defendants filed a Plea in Bar to all Counts. Garver asserted that Count II was untimely filed. Garver also argued that Counts I, III, IV, V, and VI were barred by res

judicata. On June 2, 2010, the court sustained the Plea in Bar as to Counts I, III, IV, V, and VI and overruled Defendants' Plea in Bar as to Count II. Only Count II of the Amended Complaint remains.

This convoluted procedural history results now in only one remaining claim, Count II: Breach of Contract/Malpractice. Garver argues that the claim is time-barred because Kim's relabeling it from "Malpractice" to "Breach of Contract, Malpractice" attempts to change the nature of the cause of action from a tort to a contract. A tort claim would now be time barred. A contract claim is not.

The only issue before the court is whether a complaint of "malpractice" against a lawyer sufficiently states a claim for breach of contract. If it does, the claim is not time barred. If not, it is.

## Analysis

A plea in bar is a defensive pleading, which, if proven, creates a bar to plaintiff's right of recovery. The party asserting the plea in bar bears the burden of proof. *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000).

## Complaint of Malpractice

### A. *Legal Malpractice Is a Claim for Breach of Contract*

The elements of an action for legal malpractice are:

A cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach.

*Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 313, 568 S.E.2d 693 (2002).

Kim's original Complaint and reinstituted Complaint described in Count II her cause of action for Malpractice as follows:

Kim and Defendants entered into an attorney client relationship. Defendants had a duty to comply with the applicable standard of care. The standard of care required, inter alia, that Defendants comply with the Virginia Code of Professional Responsibility. Defendants failed to comply with the applicable standard of care, and failed to comply with, inter alia, VCPR Rules 1.5(a), 1.15(a), 1.16(d), and 1.15(c)

(4). Defendants acted negligently, and their negligent breach of the standard of care injured [Kim].

Kim's Amended Complaint described in Count II her cause of action for Breach of Contract/Malpractice as follows:

> Defendants entered into one or more contracts with Kim, Those contracts imposed various additional duties on Defendants. . . . When dealing with Kim, Defendants were at all times prohibited from charging her an unreasonable fee. . . . Both before and after Kim entered into written fee agreements with the Defendants, the Defendants owed Kim the high duty to diligently, faithfully, and legitimately perform every act necessary to protect, conserve, and advance her interests. . . . The Defendants' acts were particularly egregious in that they . . . charged and collected a prohibited and unconscionable non-refundable fee . . . Defendants acted negligently . . . and also breached their express and implied contracts with [Kim], and those breaches injured her.

Both Complaints sufficiently, if imperfectly, set out actions for legal malpractice.

The Virginia Supreme Court in *Oleyar v. Kerr*, held that "an action for negligence of an attorney in the performance of professional services is an action for breach of contract." 217 Va. 88, 90, 225 S.E.2d 398, 400 (1976). In *Oleyar*, a suit was instituted by the plaintiff against the defendant for damages she sustained as a result of the defendant's negligence in conducting a title search. At trial, the defendant conceded his negligence in failing to discover and report a judgment lien.

The defendant asserted that the plaintiff's claim was barred by the statute of limitations. *Oleyar*, 217 Va. 88, 225 S.E.2d 398. The court stated that "[b]ut for the contract, no duty by defendant to plaintiff would have existed. Thus, it is clear that [plaintiff]'s action against [defendant] is grounded upon and has its inception in the contractual relationship brought about by the oral agreement." *Oleyar*, 217 Va. at 90, 225 S.E.2d at 399.

The court further noted that "[it] adopt[s] the better reasoned view . . . which hold[s] that an action for negligence of an attorney in the performance of professional services, while sounding . . . in tort, *is an action for breach of contract*. . . ." (emphasis added). *Id.* at 90, 225 S.E.2d at 400; *see also MacLellan v. Throckmorton*, 235 Va. 341, 367 S.E.2d 720 (1988) (holding that actions for legal malpractice are governed by the limitation periods applicable to actions for breach of contract); *also Lockney v. Vroom*, 61 Va. Cir. 359, 369 (Norfolk 2003) (stating that "negligence based on a breach

of contract, breach of contract, and legal malpractice are simply alternative theories of recovery arising out of the same transaction").

Additionally, it is now clear here that Kim and Garver's relationship existed because of a contract entered into by all parties. The parties entered into the contract on April 25, 2005. The original Complaint was filed on September 11, 2008. Both sides concede this point. Whether the Malpractice claim is based upon a contract or a tort is not only made plain by *Oleyar*, 217 Va. 88, 225 S.E.2d 398, but by the very contract itself.

However unartfully set out in the original Complaint, the "Malpractice" claim described is ultimately a claim for breach of contract. Legally, it can be nothing else.

## B. *The Failure To Include the Phrase, "Breach of Contract," Did Not Render the Malpractice Claim Any Less Than It Was*

In June 2010, the court sustained the demurrer to Count II of the Complaint with leave to amend. Shortly thereafter, Kim filed her Amended Complaint, now including the phrase, "Breach of Contract" and more articulately pleaded the elements of a breach of contract claim.

Garver's Plea in Bar, really the heart of the matter, asserts that Kim originally pleaded a negligence claim and later amended to plead a contract claim. For the reasons stated, Count II was, from the beginning, a contract action.

This Court is unaware of any obligation on a party that requires the stating of the words "breach of contract" in a legal malpractice action. Just as there is no requirement to use the word "tort" when asserting, for example, a negligence claim, the failure to use the phrase "breach of contract" cannot and should not be fatal to what is plainly a breach of contract claim.

## Conclusion

Because a claim of legal malpractice by its very nature states a cause of action for breach of contract, the Plea in Bar is overruled. The suit for breach of contract for professional services is timely filed.