## CIRCUIT COURT OF THE CITY OF MARTINSVILLE

T. Bahnson Stanley, III,
Executor of the Estate of
Ruth Barnes Stanley, et al.

v.

Joseph R. Cobbe et al.

May 26, 2011

Case No. CL11-33

By JUDGE G. CARTER GREER

In this accounting malpractice case, the plaintiffs are (1) T. Bahnson Stanley, III, Executor of the Estate of Ruth Barnes Stanley, (2) Stanley Partners, Inc., a Florida corporation, (3) T. Bahnson Stanley, III, etc., Trustees of the Thomas Bahnson Stanley, Jr., Marital Trust, (4) T. Bahnson Stanley, III, Trustee of the Ruth Barnes Stanley 1999 Charitable Remainder Unitrust, (5) T. Bahnson Stanley, III, Trustee of the Ruth Barnes Stanley 2000 Charitable Remainder Unitrust, and (6) T. Bahnson Stanley, III, etc., Trustees of the Ruth Barnes Stanley Charitable Lead Annuity Trust. In a six count complaint, the plaintiffs seek compensatory damages in excess of $25,000,000.00 from Joseph R. Cobbe, a certified public accountant, and his professional corporation on account of alleged "negligent tax and accounting services continuing on an uninterrupted basis over the period of 1998 to early 2010, relating, without limitation, to negligent tax advice, preparation of tax returns, and related accounting services." Complaint, ¶ 6. The gravamen of the complaint is that the defendants were negligent in failing "to recognize that low cost basis assets owned by [T. Bahnson Stanley, Jr.] at his death in 1997 were, by operation of the federal income tax law, automatically 'stepped up' in cost basis to their value on the date of Mr. Stanley's death. . . ." Complaint, ¶ 12. As a result, the plaintiffs allege that for a number of years they filed income tax returns based on erroneous capital gains, a situation that caused the overpayment of income taxes, the loss of significant investment opportunities, and the incurring of expenses associated with correcting the allegedly negligent accounting work.

The defendants have filed a demurrer requesting that the court dismiss the tort claims against all of the defendants and the contract claim against defendant Cobbe. First, relying upon *Richmond Metro. Auth. v. McDevitt Street Bovis*, 256 Va. 553, 507 S.E.2d 344 (1998), and *Oleyar v. Kerr*, 217 Va. 88, 225 S.E.2d 398 (1976), the defendants contend that "[t]he source of duty rule precludes Plaintiffs from successfully asserting a tort claim against Defendants." Demurrer, p. 3. The defendants argue that, since the contract between the plaintiffs and defendants is the sole source of the defendants' duty, "any claim for breach of those duties must be resolved under contract law." Demurrer, p. 4. Second, relying upon *Filak v. George*, 267 Va. 612, 594 S.E.2d 610 (2004), the defendants argue that, because the plaintiffs "assert claims for disappointed economic expectations," their remedy is governed by the law of contracts, not the law of torts. Demurrer, p. 4. Third, the defendants aver that, since "the only conceivable claim against either defendant is a claim for breach of contract" and since "the Complaint does not allege that any of the Plaintiffs entered into a contractual relationship with Cobbe," the claim against defendant Cobbe must be dismissed. Demurrer, pp. 4-5.

The plaintiffs respond that the complaint states a cause of action for accounting malpractice, in which, according to the plaintiffs, "the elements of both contract and tort are present and can be alleged." Plaintiffs' Memorandum in Opposition to Demurrer, p. 4, citing *Boone v. Weaver*, 235 Va. 157, 365 S.E.2d 764 (1988), and *Seaward International, Inc. v. Price Waterhouse*, 239 Va. 585, 391 S.E.2d 283 (1990). The plaintiffs further argue that "[t]here is no Virginia Supreme Court case expressly holding that a claim for accounting malpractice lies only in contract and not in tort." Plaintiffs' Memorandum in Opposition to Demurrer, p. 4. Moreover, the plaintiffs cite *Surf Realty v. Standing*, 195 Va. 431, 78 S.E.2d 901 (1953), and *Ortiz v. Barrett*, 222 Va. 118, 278 S.E.2d 833 (1981), for the proposition that, since there was a professional services agreement, though admittedly unwritten, between the plaintiffs and the defendants, defendant "Cobbe had a 'duty to exercise a reasonable degree of care, skill and dispatch' in carrying out the professional services for which he and [his firm] had been engaged." Plaintiffs' Memorandum in Opposition to Demurrer, p. 4. Additionally, the plaintiffs state that "it was Cobbe with whom Plaintiffs entered into their professional relationship," and that defendant Cobbe "was responsible for managing the engagement and for the accuracy of the accounting services provided to the Plaintiffs." Finally, the plaintiffs argue that "dismissal of the malpractice claim against Cobbe would violate Virginia Code § 13.1-547." Plaintiffs' Memorandum in Opposition to Demurrer, p. 6.

It is well-settled that an action for legal malpractice, while sounding in tort, is an action for breach of contract. *See O'Connell v. Bean*, 263 Va. 176, 556 S.E.2d 741 (2002). In *Oleyar, supra*, the Supreme Court of Virginia stated as follows: "But for the contract, no duty by Oleyar to Kerr would

have existed. Thus it is clear that Kerr's action against Oleyar is grounded upon and has its inception in the contractual relationship brought about by the oral agreement." *Id.*, 217 Va. at 90. While it is true that the Supreme Court of Virginia has not explicitly held that an accounting malpractice action lies in contract, that is the implicit holding of *Boone v. C. Arthur Weaver Co.*, 235 Va. 157, 365 S.E.2d 764 (1988), in which the Court held that an accounting malpractice action is governed by the statute of limitations applicable to a breach of contract. In terms of the source of duty, this court can see no distinction between legal malpractice and accounting malpractice in view of the fact that, with respect to either cause of action, the source of duty must emanate from the professional agreement. One other circuit court has also reached this conclusion. *See Forte v. Atkins*, 68 Va. Cir. 411 (Loudoun County 2005). If there were no professional agreement in the case at bar, the defendants would owe no duty whatsoever to the plaintiffs with regard to accounting services. Therefore, the court is of the opinion that an action for accounting malpractice, while sounding in tort, is an action for breach of contract.

It is unclear upon what theory of recovery the plaintiffs are proceeding, whether negligence or breach of contract. The complaint contains six counts, but there is no specific designation in any of the counts as to the precise nature of each cause of action. As the defendants point out in their demurrer, throughout the complaint, the plaintiffs use the words "negligence" and "negligent" in describing the defendants' performance of professional services. However, the complaint strongly implies, if it does not state, that there was an oral contract between the plaintiffs and the defendants for the provision of professional accounting services, and the court finds the allegations of the complaint sufficient to state a cause of action for breach of contract. To the extent that the complaint alleges a cause of action for negligence, the court sustains the demurrer.

With respect to the individual liability of defendant Cobbe, the court agrees with the defendants that the plaintiffs have not alleged that defendant Cobbe entered into an agreement with the plaintiffs. Although the plaintiffs state in their memorandum that "it was Cobbe with whom Plaintiffs entered into their professional relationship," that Cobbe "agreed to the engagement," and that Cobbe "was responsible for managing the engagement and for the accuracy of the accounting services provided to Plaintiffs," there are no such allegations in the complaint. The only allegation pertaining to defendant Cobbe's individual liability is in paragraph eight, which alleges that the defendants provided tax and accounting services "through Cobbe and other accountants in the Firm. . . ." Moreover, in the court's opinion, Va. Code § 13.1-547 is inapposite to this case. Therefore, the court sustains the demurrer and grants leave to amend to the plaintiffs, if they are so advised.